UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 2:22-cr-050 |
| v. | : Judge Algenon L. Marbley |
| LORENZO R. FAMBRO, | : |
| Defendant. | : |

**OPINION & ORDER**

This matter comes before this Court on Defendant Lorenzo R. Fambro's *pro se* Motion for Compassionate Release ("Motion"). (ECF No. 68). For the reasons set forth below, Mr. Fambro's Motion is **DENIED**.

### I. BACKGROUND

From February 1, 2022, until March 21, 2022, an investigation revealed that Mr. Fambro distributed fentanyl, cocaine, and cocaine base in Columbus, Ohio. (ECF No. 60 at 8). A search of his residence and his girlfriend's apartment further revealed smaller quantity amounts of narcotics, along with digital scales and a firearm that Fambro admitted to receiving in exchange for cocaine base. (*Id.*). Fambro pleaded guilty to one count of distribution of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and one count of distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (ECF No. 66 at 1–2). On January 26, 2024, he was sentenced to forty-eight (48) months of imprisonment and three (3) years of supervised release. (*Id.* at 3, 5; ECF No. 65).

On November 18, 2024, Fambro filed the Motion seeking compassionate release. (ECF No. 68). In his Motion, he explains that he is involved in programs and has learned from being in

prison. He notes the difficulty of being imprisoned eight hours away from his children, wife, and family. He also reports that he is being held in the RDAP unit, but asserts it is difficult to complete programs because he is consistently on lockdown because of killings, drug abuse, and fighting. (*Id*. at 3-4). Fambro contends that this also impacts his ability to contact his family and it terrifies him, especially given his mental illness. (*Id*. at 4). Moreover, Fambro has glioma and purportedly sought help from a neurologist who found the only solution for Fambro's condition is surgery that may leave him paralyzed. (ECF No. 68 at 2). Fambro states that "there is nothing they can do because they don't have a specialist here to help with my glioma so they are just monitoring me once a year with MRIs." (*Id*. at 2).

The Government opposed the Motion. (ECF No. 71). The Government urges the Court to deny the motion for: (1) failure to exhaust administrative remedies; and (2) failure to demonstrate the release is warranted under § 3582(c)(1)(A). (*Id*. at 1).

## II.    LAW & ANALYSIS

Pursuant to the "compassionate release" provision of 18 U.S.C. § 3582, a sentencing court "may reduce the term of imprisonment" of a defendant who has exhausted administrative rights and who shows "extraordinary and compelling reasons [to] warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020). A district court maintains discretion to grant or deny such a petition, though the court must "supply specific factual reasons for [its] compassionate release decisions." *Jones*, 980 F.3d at 1101–02; *see also United States v. Tomes*, 990 F.3d 500, 502 (6th Cir. 2021) ("We review a district court's denial of a compassionate release motion for abuse of discretion."). In *Jones*, the Sixth Circuit set forth a three-step framework for district courts to follow when considering motions for compassionate release. 980 F.3d at 1107-08. Once the movant has met the threshold requirement of administrative

exhaustion, *see United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020), the court must undertake the following three-step inquiry in considering such a motion:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). At step two, a court must "find[ ]" whether "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A) (emphasis added). . . . At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Id*.

*Jones*, 980 F.3d at 1107–08 (alterations original). Each step is a prerequisite for compassionate release. *Id*. A movant's failure to satisfy any of the three steps may lead to denial of the motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

This Court finds Mr. Fambro is not eligible for compassionate release as he has not shown that he has exhausted his administrative remedies. He does not indicate bringing any request to his warden nor has he submitted any materials indicating that a request was made. Administrative exhaustion, however, is a threshold requirement in any motion for compassionate release. This condition is satisfied when a defendant "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a [compassionate release] motion on the defendant's behalf or [upon] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is not jurisdictional, but rather "a claim-processing rule" that "bind[s] the courts only when properly asserted and not forfeited." *Alam*, 960 F.3d, at 833. Here, Mr. Fambro has made no showing to suggest he has met this threshold requirement.

### III. CONCLUSION

As such, the Motion (ECF No. 68) is **DENIED without prejudice**. Provided Mr. Fambro exhausts his administrative remedies, he may file a new motion for this Court's consideration. Any new motion should be filed with any proof of exhaustion and any supporting documentation or evidence that reinforces Mr. Fambro's argument in light of the three-step inquiry in *Jones*.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**DATED: April 29, 2025**           **UNITED STATES DISTRICT JUDGE**

4